

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# Abdul-Malik v. Washington Mutl

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3991

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Abdul-Malik v. Washington Mutl" (2005). *2005 Decisions.* Paper 737.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/737

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-291                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3991
_____

IN RE: SALIM ABDUL-MALIK,

Debtor

SALIM ABDUL-MALIK,

Appellant
v.

WASHINGTON MUTUAL SERVICING
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-02623)
District Judge: Honorable Joel A. Pisano
_____

Submitted For Possible Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2005

Before: ALITO, MCKEE and AMBRO, Circuit Judges

(Filed:   August 4, 2005)
_____

OPINION
_____

PER CURIAM

Salim Abdul-Malik appeals from the District Court's order affirming the

Bankruptcy Court's order that denied his motion for reconsideration.[1] For the following reasons, we will vacate and remand with instructions to dismiss the case for lack of jurisdiction.

In June 2002, Abdul-Malik filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. Washington Mutual Servicing for Long Beach Mortgage Company filed a motion for relief from the automatic stay in order to commence foreclosure proceedings against Abdul-Malik's real property; the Bankruptcy Court granted the motion. Shortly thereafter, the Bankruptcy Court granted Abdul-Malik's motion to convert the case to a Chapter 13 case. In June 2003, Abdul-Malik filed a motion to voluntarily dismiss his case; the motion was granted.

In November 2003, Abdul-Malik filed a motion to reinstate his Chapter 13 petition and to vacate the order dismissing his case. The Bankruptcy Court denied the motion in an order entered February 5, 2004, and Abdul-Malik filed a motion for reconsideration on February 24, 2004. The motion for reconsideration was denied on March 25, 2004, and he filed a notice of appeal on April 19, 2004. On September 22, 2004, the District Court affirmed the Bankruptcy Court's order denying the motion for reconsideration.

Appeals from the Bankruptcy Court must be brought in the District Court "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Pursuant

---

[1] Abdul-Malik is currently incarcerated at the Auburn Correctional Facility, New York. He has been incarcerated since this case commenced.

2

to Rule 8002, an appeal must be filed within 10 days of the entry of the order.  The 10-day limit is both mandatory and jurisdictional.  See Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997).  Certain motions will toll the time to file an appeal, but the motion must be filed within the time period prescribed by Fed. R. Bankr. P. 8002(b).

The Bankruptcy Court entered its order denying Abdul-Malik's motion to reinstate on February 5, 2004.  His motion for reconsideration appears to have been timely because it was dated February 13, 2004.  See Houston v. Lack, 487 U.S. 266, 272 (1988).  Regardless of whether Abdul-Malik intended his motion to be filed under Fed. R. Bankr. P. 9023 or 9024, his motion tolled the time to appeal the February 5, 2004 order, see Fed. R. Bankr. P. 8002(b); that is, his notice of appeal was due within 10 days after entry of the order disposing of his motion.

On March 25, 2004, the Bankruptcy Court entered its order denying Abdul-Malik's motion for reconsideration.  He filed his notice of appeal on April 19, 2004.  Abdul-Malik argues that he is entitled to the benefits of Houston, which held that a *pro se* prisoner's notice of appeal is considered filed at the moment it is delivered to prison authorities for mailing.  Although Abdul-Malik may invoke Houston, as he has been incarcerated since this matter commenced, his notice of appeal was untimely.  As he concedes, the motion was delivered to prison authorities on April 10, 2004, more than 10 days after entry of the March 25, 2004 order.  See Rashid v. United States (In re Rashid), 210 F.3d 201, 204 (3d Cir. 2000).  Because Abdul-Malik filed his notice of appeal to the District Court more than 10 days after the Bankruptcy Court entered judgment, the

3

District Court lacked jurisdiction over his untimely appeal. Accordingly, neither the District Court nor this Court can consider the merits of his appeal. Calcasieu Marine Nat'l Bank v. Morrell (In re Morrell), 880 F.2d 855, 857 (5th Cir. 1989); see also United States v. Corrick, 298 U.S. 435, 440 (1936) (appellate court has jurisdiction to determine if district court had jurisdiction).

We will vacate the District Court's order and will remand to the District Court for entry of an order dismissing the appeal. See Greene v. United States (In re Souza), 795 F.2d 855, 858 (9th Cir. 1986).